Corn Exchange National Bank, Appellant, *v.* The Solicitors' Loan and Trust Company, Thomas DeWitt Cuyler and Effingham B. Morris, Assignees of said Solicitors' Loan and Trust Company.

*Banks and banking—Insolvency—Depositors—Trust.*

The acceptance of a deposit by an insolvent bank is a fraud upon the depositor, and if the money has not been used or mixed with the common funds, and can be identified, the depositor may maintain replevin for it.

*Banks and banking — Insolvency — Misrepresentation—Check—Trust— Equity.*

Equity has jurisdiction of a suit for restoration of a package of money which is impressed with a trust, and the title to which remains in plaintiff because possession of it was obtained by clearly implied misrepresentations as to solvency.

A teller of a trust company which was at the time insolvent requested, by telephone, from a bank a number of small notes, and on a favorable response the teller sent the trust company's check for the amount of the notes on another bank, where it had funds to meet it, by a messenger, who

returned with the notes put up in packages. The bank was not a depositor of the trust company, and sent the notes merely as an accommodation, and without charge. Early on the following day the trust company, without opening its doors, made an assignment for creditors. The check was sent through the clearing house, but the bank upon which it was drawn having notice of the assignment refused to pay it. The notes remained in the packages unopened and passed into the hands of the assignee. A bill in equity praying for a decree for the return of the notes was filed against the assignee by the bank which had sent the notes to the trust company. *Held,* (1) that the jurisdiction of equity was sustainable because the package of money was impressed with a trust, the possession having been obtained by a plainly implied misrepresentation ; (2) that the bank was entitled to a return of the packages containing the money.

Argued March 24, 1898. Appeal, No. 3, Jan. T., 1898, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 631, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Reversed.

Bill in equity to declare a trust.

The facts averred in the bill are sufficiently stated in the opinion of the Supreme Court.

The prayers were : (1) that the court would make an order declaring that a trust in favor of the bank was impressed upon the said sum of $2,000, which was obtained from the bank as aforesaid by the said trust company ; (2) that the court would make an order and decree directing the assignees to pay over the sum of $2,000 to the bank, together with interest thereon from January 2, 1896; (3) general relief.

Defendant demurred to the bill because (1) under the allegations of the bill no trust or preferential relation was impressed upon the said sum of $2,000 obtained from the bank by the trust company ; (2) plaintiff has an adequate remedy at law.

The court entered a decree sustaining the demurrer.

*Error assigned* was in sustaining the demurrer.

*Dimner Beeber* and *Hampton L. Carson,* with them *A. I. Phillips* and *J. Levering Jones,* for appellant.—Under the circumstances the money of the bank should not be applied in paying the creditors of the trust company, and it would be difficult to find any condition of facts in which the injustice of such application would be more forcibly presented : Smith v. Smith, 21

Pa. 367; Rodman v. Thalheimer, 75 Pa. 232; Bughman v. Bank, 159 Pa. 94; Cincinnati, etc., Co. v. Gaul, 170 Pa. 545.

A cash sale is always subject to the condition that payment be made, and title does not pass out of the vendor prior to payment unless he waives the condition. If the vendee obtains the goods without the waiver of this condition the vendor may recover back his property: Harris v. Smith, 3 S. & R. 20; Bowen v. Burk, 13 Pa. 146; Henderson v. Lauck, 21 Pa. 359; Backentoss v. Speicher, 31 Pa..324; Welsh v. Bell, 32 Pa. 13.

The acceptance of the check of the trust company and delivery of the currency was not a waiver of the condition. A check is only conditional payment: Kilpatrick v. B. & L. Association, 119 Pa. 30; Holmes v. Briggs, 131 Pa. 233. And a check is deemed a particular form of cash payment. If it is dishonored the holder may resort to his original claim: Benjamin on Sales, sec. 731. And if delivery is made in reliance upon a contemporaneous cash payment which turns out not to be genuine the vendor may reclaim his goods: Carson v. Shantz, 3 Phila. 47; Green v. Humphrey, 50 Pa. 212; Hodgson v. Barrett, 33 Ohio, 63.

In Wasson v. Hawkins, 59 Fed. Rep. 233 (U. S. Circuit Court, Indiana), the court said that keeping a bank open and conducting its business in the usual manner constituted a representation to its customers of solvency upon which they had a right to rely.

In Furber v. Stephens, 35 Fed. Rep. 17 (U. S. Circuit Court, Missouri), a deposit of money was made a few minutes before the bank closed its doors. The teller not knowing of the coming failure put the money and deposit ticket to one side. *Held,* that the depositor could recover the money in replevin.

In Somerville v. Beal, 49 Fed. Rep. 790, checks were deposited with a national bank on Saturday. On Monday the bank failed, and a receiver was appointed, who collected the checks. *Held,* that the depositor could recover the proceeds in full. This case was affirmed by the Circuit Court of Appeals (District of Mass.), 50 Fed. Rep. 647.

In Cragie v. Hadley, 99 N. Y. 131, drafts were deposited for collection with a bank which failed and assigned the next day. *Held,* that the title did not pass out of the depositor and he could recover.

In Bank v. Manufacturing Co., 150 Ill. 336, the court ordered a check to be surrendered up which had been deposited with a banker for collection on the eve of failure.

In Railway v. Johnston, 133 U. S. 567, a draft was deposited in a bank and credited to the depositor as cash. The bank failed before the draft was actually collected. *Held*, that the plaintiff could recover.

In Wasson v. Hawkins, 59 Fed. Rep. 233 (U. S. Circuit Court, Missouri), drafts were deposited with a bank for collection a few days before it failed. *Held*, that the trust was impressed upon the assets of the bank in favor of the depositor.

The bank cannot recover from the Fourth Street National Bank upon the check, as there was no acceptance: Maginn v. Bank, 131 Pa. 362.

And the clearing house settlement, which took place at 8 : 30 A. M., on January 3, was only a provisional calculation, subject to correction as to checks not good up to 12 o'clock, being the hour fixed by clearing house rules for correcting errors: Crane v. Bank, 173 Pa, 566.

*Richard S. Hunter*, for appellees, made no oral argument, but cited in his printed brief, Freiberg v. Stoddard, 161 Pa. 259.

OPINION BY MR. JUSTICE DEAN, November 7, 1898 :

The plaintiff and the defendant, one as a bank, the other as a trust company, did business in Philadelphia. The bank frequently accommodated the trust company with currency of the various denominations on request and without charge. On January 2, 1896, the trust company, by telephone, asked the bank for $2,000 in $2.00 bills, and on a favorable response sent its check for that amount on Fourth Street National Bank, where it had funds to meet it, by messenger, who returned with the bills put up in packages. On the next day, the trust company, without opening its doors, failed and made an assignment for the benefit of creditors, of which the Fourth Street National had immediate notice. The Corn Exchange Bank, the plaintiff, in the regular course of business, sent the check to the clearing house before 8 :30 on the morning of the third, but the Fourth Street National, because of the assignment, refused to honor it, and the Corn Exchange the same day was

compelled to take it up. The $2,000 received by the trust company remained in the package in its possession unbroken, and was turned over to its assignee. The plaintiff then filed this bill, setting out the foregoing facts, and prayed for an order on the assignee to restore to it the unopened package. The assignees filed a demurrer, averring that no special trust relation calling for the interposition of equity was established by the foregoing facts, and, further, that plaintiff had an adequate remedy at law. The court below sustained the demurrer and dismissed the bill, from which decree we have this appeal.

From the averments of the bill, which are admitted by the demurrer, and the statements in the deed of assignment, the trust company was insolvent on January 2, when the transaction took place and it received the plaintiff's money, and the officers of the company were aware of its condition. Keeping its doors open on that day was, whether intentional or not, a representation to the public of solvency. Whether they still hoped on that day by some means to recuperate, and avoid closing is not material; the fact of insolvency on that day remains. There is no difference in principle between this transaction and that of a depositor who leaves his money with the bank a few hours before it suspends. The acceptance of the money under such circumstances is a fraud upon the depositor, and if it has not been used or mixed with the common funds, and can be identified, he can maintain replevin for it : Furber v. Stephens, 35 Fed. Rep. 17. In Cragie v. Hadley, 99 N. Y. 131, it was held that where drafts were deposited for collection with a bank which failed the next day, the title did not pass out of the depositor, and he could recover. It will be noticed that no question of confusion of assets arises in this case ; the very package delivered by plaintiff remains in possession of the assignees. It would be highly inequitable to pass over to the creditors of the insolvent trust company plaintiff's money, because defendants acquired possession of it by a misrepresentation of solvency. Besides, plaintiff was not a customer of the trust company, and did not adopt it as a convenient place of deposit, but as a pure accommodation accepted a worthless check for the $2,000. We say worthless, because in the course of business it could not be presented until the insolvency of the drawer became known, and the fund on which it had been

drawn had constructively passed to the assignee for the benefit of creditors.

The jurisdiction of equity is sustainable, because, under the facts, the package of money is impressed with a trust; the title never passed from plaintiff, because the possession was obtained by a plainly implied misrepresentation.

The decree is reversed, and it is ordered that the assignees deliver to plaintiff the package or packages of $2.00 bills, amounting to $2,000, as in plaintiff's bill averred. Costs to be paid by appellees.