## Farmers' and Mechanics' National Bank, Appellant, *v.* Cuyler.

*Banks and banking—Checks—Payment.*

In an action by a national bank against the assignees for creditors of a trust company to recover the amount of certain checks, it appeared that on a certain day the plaintiff bank presented to the trust company, which was on that day under no suspicion of insolvency, certain checks drawn on the company.   Instead of requiring payment in cash the checks were surrendered, and "in payment thereof," the check of the trust company upon another national bank, which had funds to meet it, was accepted by the plaintiff.   This check was not presented to the other national bank until the following day, and after the trust company had assigned for the benefit of creditors.   The check was refused payment.   It did not appear

that there was any custom that checks presented for payment by a bank on behalf of its depositors were payable by check of the trust company. *Held* (1) that the drawers of the checks on the trust company were entitled to have them charged to their accounts and canceled as paid; (2) that the trust company became bound so to treat the checks; (3) that the plaintiff bank became the direct creditor of the trust company to the amount of, and by virtue of, the check accepted; (4) that the plaintiff bank by accepting the check of the trust company fixed its liability to its depositors for the amounts of the check surrendered to the same extent as if it had received cash for them; (5) that the plaintiff bank was not entitled to recover from the assignees for creditors of the trust company.

Argued Oct. 19, 1900.   Appeal, No. 186, Oct. T., 1900, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1899, No. 994, on case stated in suit of the Farmers' and Mechanics' National Bank v. T. De Witt Cuyler and Effingham B. Morris, Assignees of the Solicitors' Loan and Trust Company.   Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ.   Affirmed.

Case stated to determine right to recover certain checks.

From the case stated it appeared that the plaintiff, on January 2, 1896, held certain checks, amounting altogether to the sum of $299.75, drawn by depositors upon the Solicitors' Loan and Trust Company.   These checks had been deposited with it for collection, and had been placed to the credit of the depositors in their accounts.   Shortly before three o'clock on the same day the plaintiff sent the checks by its messenger to the Solicitors' Loan and Trust Company, which accepted them and gave in payment its check for the aggregate amount drawn upon the Fourth Street National Bank of Philadelphia.   This bank had upon that day sufficient funds belonging to the trust company with which to pay the check.   Early upon the following morning, January 3, and before the opening of business, the trust company made an assignment for the benefit of creditors to the defendants, who entered into possession and took charge of the affairs of the company.   Later in the morning, the check held by the plaintiff was presented through the clearing house to the Fourth Street National Bank, payment was refused, and the check was returned to the plaintiff.   Thereupon the plaintiff, upon the same day, demanded payment of the defendants and was refused, and further demanded from them a return of

the checks deposited with it, which demand was also refused. It then brought this suit to recover the value of the checks so retained.

The court in an opinion by PENNYPACKER, P. J., entered judgment for defendants.

*Error assigned* was in entering judgment for defendants.

*R. L. Ashhurst*, for appellants.—Payment by a check is a conditional payment only, that is, it is such payment provided the check given is good : Benjamin on Sales, sec. 731 ; Carson v. Shantz, 3 Phila. 47; Harris v. Smith, 3 S. & R. 20; Kilpatrick v. The Home Building & Loan Assn., 119 Pa. 30 ; Holmes v. Briggs, 131 Pa. 233; Cannonsburg Iron Co. v. Union Nat. Bank of Pitts., 34 Pitts. L. J. 93 ; Shepherd v. Busch, 154 Pa. 149 ; League v. Waring & Co., 85 Pa. 244; Welsh v. Bell, 32 Pa. 12; Bowen v. Burk, 13 Pa. 148 ; Henderson v. Lauck, 21 Pa. 359.

If the matter be regarded as a mistake, the present law is clear that within a reasonable time the party who has suffered by the error is entitled to have the mistake rectified and to claim back the property he has parted with: Meredith v. Haines, 14 W. N. C. 366 ; Preston v. Canadian Bank of Commerce, 23 Fed. Repr. 179.

Although the checks were on the failing bank itself, that does not disable us from the right of reclaiming the checks, for whatever use we could make of them: St. Louis, etc., Ry. Co. v. Johnson, 133 U. S. 567 ; Fifth Nat. Bank v. Ashworth, 123 Pa. 218 ; Hazlett v. Commercial Nat. Bank, 132 Pa. 118.

By a series of decisions the dealing of banks with each other through their clearing houses has been recognized and sanctioned : Philler v. Patterson, 168 Pa. 468.

*Richard S. Hunter*, for appellee, cited: Fifth Nat. Bank v. Ashworth, 123 Pa. 218; Merchants' Nat. Bank of Phila. v. Goodman, 109 Pa. 422 ; McCulloch v. McKee, 16 Pa. 289; Marine Bank v. Fulton Bank, 2 Wallace, 252.

OPINION BY WILLIAM W. PORTER, J., December 2, 1901:

On January 2, 1896, the plaintiff bank presented to the So-

licitors' Loan & Trust Company certain checks drawn on that company. The trust company was then conducting its business as usual under no suspicion of insolvency. Instead of requiring payment in cash, the checks were surrendered and "in payment thereof" the check of the trust company upon the Fourth Street National Bank (which had funds to meet it) was accepted by the plaintiff. This act changed the relations and obligations of the parties connected with the transaction. First, the drawers of the checks on the trust company were entitled to have them charged to their accounts and canceled as paid. Second, the trust company became bound so to treat the checks. Third, the plaintiff bank became the direct creditor of the trust company to the amount of, and by virtue of, the check accepted. Fourth, the plaintiff bank by accepting the check of the trust company, fixed its liability to its depositors for the amounts of the checks surrendered to the same extent as if it had received cash for them : Fifth Nat. Bank v. Ashworth, 123 Pa. 212; Merchants' Nat. Bank v. Goodman, 109 Pa. 422; McCulloch v. McKee, 16 Pa. 289.

The check of the trust company was not presented to the Fourth Street National Bank until the following day, and after the trust company had assigned for benefit of creditors. The check was, therefore, refused payment. Thereupon, the plaintiff bank demanded that the return of the trust company's check should be accepted, and that the original checks surrendered on January 2, should be returned. To have done this would have been to affect the rights of the drawers of those checks. Their surrender to the trust company entitled them to cancelation and to credit in the respective accounts with the trust company. The checks were indeed so canceled and credited. No equity is shown in the plaintiff to destroy these rights in the drawers because of the failure of the trust company on the day after the checks were presented and honored by the trust company. Furthermore, it is emphatically alleged by the appellant that this action is brought for the physical return of the surrendered checks. On January 2, by the voluntary act of accepting the check of the trust company, the plaintiff became liable to its depositors for the amount of the checks surrendered. To say that the plaintiff should recover these checks back from the assignees of the trust company could only

mean that the plaintiff had still a right to charge its depositors' accounts with the checks as uncollected, thus making the depositors suffer for the act of the plaintiff in giving credit to the trust company by taking its check. We think the status of the plaintiff was fixed on January 2, and that it should not be subjected to possible change by a return of the checks.

But it is argued that the checks were deposited with the plaintiff " with the understanding and agreement . . . . that if found not to be good by three o'clock on the day after their deposit, the bank had the privilege of returning the same to its depositors and charging said checks to said respective depositors' accounts ; " that the relation of the depositors to the plaintiff bank did not become fixed until after the trust company had failed, and that the plaintiff was entitled to a return of the checks in order to avail itself of its agreement. The agreement set up does not comprehend the case of checks which on presentation were found to be good and were actually honored and surrendered before the " day after their deposit."

It is further argued that the acts of the plaintiff in surrendering the depositors' checks and in taking the substituted check were in the usual course of dealing in such matters and that its depositors are bound thereby. But the case stated does not allege such a custom of business. It does allege a custom in connection with the presentation of the trust company's check to the Fourth Street National Bank on January 3. But the custom to present such a check through the clearing house on the day following its delivery, does not affect the question before us. It was the acts done on January 2, that determined the rights and obligations of the parties. No custom of business is alleged that checks, presented for payment by a bank on behalf of its depositors, are payable by check of the trust company on which they are drawn, and, until actual payment of such check, the rights of all the parties are unaffected by the act of the bank in taking the check in payment.

This case differs wholly from Corn Exchange Nat. Bank v. Solicitors' Loan & Trust Co., 188 Pa. 334. There the fact of the insolvency of the trust company on the day the transaction was had, was held by the court to have been shown. Here, by the terms of the case stated, the question of the solvency of the trust company on January 2, 1896, is eliminated.

In conclusion, we are of opinion that there was a substitution of the direct liability of the trust company upon its check given "in payment" to the bank, for the liability of the trust company on the checks drawn upon it and surrendered.

The judgment of the court below is affirmed.