# Atherholt *v.* Hughes, Appellant.

*Evidence—Written contract—Parol evidence—Fraud—Misrepresentations —Quantity of timber.*

In an action to recover a balance claimed on a written contract for the purchase of standing timber on a lot stated in the contract to contain fifty-four acres, it is competent for the defendant to show by parol evidence that before the contract was signed he asked that a survey be made, that plaintiffs objected, and stated that they had had a survey made a few days before, and knew that the lot contained fifty-four acres; that this statement was deliberately false, because plaintiffs had then in their possession the certificate of the surveyor showing that the lot contained only thirty-two acres; and that defendant relied on plaintiff's statement, and signed the agreement.

It is always competent for the defendant, who is sued upon a written contract, to prove that he was induced to enter into it by reason of fraudulent representations by the plaintiff of material facts going to the consideration, on the faith of which he acted. The purpose of such testimony is not to alter or vary the terms of a written contract by parol, but to show a failure of consideration, which in equity entitles the defendant to relief in whole or in part from his written obligation.

Anything that would entitle a defendant in an action on a specialty to relief in a court of equity will be a good defense in a court of law.

Argued April 13, 1904. Appeal, No. 25, Jan. T., 1904, by defendant, from judgment of C. P. Columbia Co., Jan. T., 1904, No. 25, on verdict for plaintiff in case of John Atherholt and Lillie Atherholt, his Wife, v. Charles Hughes. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit for balance alleged to be due on a written contract. Before LITTLE, P. J.

At the trial the following offer was made :

Mr. Ikeler: The defendant proposes to prove by the witness upon the stand that prior to the execution of the written contract in suit, the witness together with John Atherholt and another party visited the tract of timber in question and attempted at that time to come to an agreement with Mr. Atherholt as to the price per acre to be paid for the timber and at the same time measured off in the rough an acre of the timber and agreed to give the sum of $45.00 per acre for said timber;

that Atherholt refused, holding the timber at $50.00 per acre; that at that time Atherholt represented to the witness that the timber tract contained fifty-four acres and some odd perches, stating that the same had just been surveyed and that his knowledge on that question was accurate and exact; that the parties failed to come to an understanding, but that afterwards they met in the office of Mr. Coughlin, attorney, at Wilkes-Barre, the witness and John Atherholt both being present, and after some little dispute agreed upon the price to be paid per acre, to wit: $46.33⅓; that the attorney then present, suggested that inasmuch as the purchase was by the acre the parties ought to be very sure of the exact acreage and suggested that the tract be surveyed before the written instrument was drawn, but John Atherholt again protested that such action would only cause expense, and that Hughes would be obliged to pay for nearly an extra acre, inasmuch as a survey would show that there were nearly fifty-five acres in the tract, but that he would be willing to let it go at fifty-four; and, acting upon the truth and good faith of these statements, the witness acquiesced and the written instrument was drawn, using the the words " about fifty-four acres." To be followed by proof that after the execution of the written instrument and after active operations had been begun upon the ground, the witness became suspicious of the acreage of the tract, and upon employing the services of a surveyor he discovered that in fact there were only thirty-five acres upon this tract. The defendant also proposes to show that in conducting these negotiations leading up to the execution of the written instrument he was acting in behalf of his father Charles Hughes, the present defendant in this case.

Mr. Hibbs: This is objected to as incompetent, immaterial and irrevelant, for the reason that no conversations, if any were had, leading up to the execution of this agreement now in evidence, can in any way effect the written contract between these parties. The offer does not state that the defendant himself was upon the ground and that he knew personally anything in relation to the tract, nor to the amount to be paid for same, nor the agreement subsequently entered into. Neither does the offer state that Lillie Atherholt, the real plaintiff, the owner of this timber tract, had any knowledge of these conver-

sations, nor was a party to the negotiations suggested in the offer; the contract itself being the only evidence of the agreement between these parties plaintiff and defendant.

The Court: We feel obliged to sustain the objection and overrule the offer. We hardly think that, under the rule enunciated in the case of Martin v. Berens, this offer comes within the exceptions noted to the well known rule stated in that case, that: " Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement."

Mr. Ikeler: This evidence is offered for the purpose of showing that at the time of the execution of the written instrument, the defendant, by false misrepresentations, known to John Atherholt at the time to be false, was induced to execute the written instrument, and to agree therein to pay the sum set forth in said paper, and that the amount named in said paper was agreed to by the defendant only and solely upon the faith of the representations made by the plaintiff at that time, which representations we now propose to show were false, and were known by the parties to be false at that time; and that upon the strength of these representations, and only thereon, the contract was executed.

The Court: We won't hear any more discussion about this question now. We will reconsider our former ruling and admit the evidence, subject to the further control of the court.

Subsequently the court withdrew the evidence admitted under the above offer.

Verdict and judgment for plaintiff for $1,635.32. Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions as above.

*Ikeler & Ikeler*, with them *C. J. Fisher*, for appellant.—The offer should have been admitted: Cullmans v. Lindsay, 114 Pa. 166; Honesdale Glass Co. v. Storms, 125 Pa. 268; Mahaffey v. Ferguson, 156 Pa. 156; Brotherton Bros. v. Reynolds, 164 Pa. 134; Greenawalt v. Kohne, 85 Pa. 369; Hoopes v. Beale, 90 Pa. 82; Hartley's Appeal, 103 Pa. 23; Phillips

v. Meily, 106 Pa. 536; Ott v. Oyer, 106 Pa. 6; Thomas v. Loose, 114 Pa. 35.

*W. I. Hibbs*, with him *John G. Harman*, for appellee.—Where parties without fraud or mistake have put their engagements in writing the law declares the writing to be not only the best, but the only evidence of the agreement: Martin v. Berens, 67 Pa. 459; Thorne v. Warfflein, 100 Pa. 519; Jackson v. Payne, 114 Pa. 67; Mahaffey v. Ferguson, 156 Pa. 156; Farnsworth v. Duffner, 142 U. S. 43 (12 Sup. Ct. Rep. 154); Heebner v. Worrall, 38 Pa. 376; Cummins v. Hurlbutt, 92 Pa. 165; Abbey v. Dewey, 25 Pa. 413; Douglass v. Mitchell, 35 Pa. 440.

OPINION BY MR. JUSTICE FELL, May 9, 1904:

This action was brought to recover a balance claimed on a written contract for the purchase of standing timber by the defendant. The contract included the timber on a wood lot which was part of the plaintiff's farm. The lot was described as a part of the farm containing about fifty-four acres, and included all the timber not in the fields under cultivation. The lot contained only thirty-two acres. This fact was not known by the defendant until a part of the timber had been cut and removed. The defense was a partial failure of consideration because of the false representations made by the plaintiffs as to the acreage of the lot.

In support of this defense the testimony of a number of witnesses was received to show that the negotiations which preceded the agreement and culminated in it were not for the purchase of the timber for a gross sum for the whole lot but for a purchase at a fixed price per acre; that after a price per acre had been agreed upon and the agreement was to be put in writing, the defendant's agent and his attorney desired to have a survey made in order to ascertain the price to be named; that to this the plaintiffs objected and stated that they had had a survey made a few days before and knew that the lot contained exactly fifty-four acres and fifty-two perches; that this statement was deliberately false, because the plaintiffs then had in their possession the certificate of the surveyor which showed that the lot contained only thirty-two acres; that the defendant

had made no examination and taken no means to ascertain the acreage, and relying wholly on the plaintiff's statement in relation thereto had agreed to the naming of a price ascertained by multiplying the agreed price per acre by the number of acres the lot was said to contain. This testimony was withdrawn by the court from the consideration of the jury on the ground that the writing was the only evidence of the agreement, and a verdict was directed for the consideration named less the sum of the payments that had been made on account.

The withdrawing of this testimony was error. The statements of these witnesses were clear, precise and positive, and if they were correct the defendant had been induced to execute the agreement by means of fraud practised by the plaintiffs. It is always competent for the defendant to prove that he was induced to enter into a written agreement by reason of fraudulent representations by the plaintiff of material facts going to the consideration, on the faith on which he acted. The purpose of such testimony is not to alter or vary the terms of a written contract by parol evidence but to show a failure of consideration which in equity entitles the defendant to relief in whole or in part from his written obligation. In Stubbs v. King, 14 Sergeant & Rawle, 206, an action on a bond for the purchase money of a tract of land as to the boundaries of which deception had been practised, it was said by Judge GIBSON that " where a continued misapprehension of material facts has been induced on the part of one by the misrepresentations of the other it is obvious that the execution of the writing ought not to extinguish the right of the injured party to show the fraud by which his assent to the contract was obtained." This doctrine had been applied in a number of earlier cases and it has since been uniformly held that anything that would entitle a defendant in an action on a specialty to relief in a court of equity will be a good defense in a court of law, where as in this state equity is administered through the medium of legal forms : McCulloch v. McKee, 16 Pa. 289 ; County of Schuylkill v. Copley, 67 Pa. 386. The grounds for relief were quite as strong as those presented in Brotherton Brothers v. Reynolds, 164 Pa. 134, where a bill to rescind a contract for the sale of timber was sustained on the grounds of fraudulent representations by the vendor as to the quantity, in which it was said by

our Brother DEAN: " This is not the case of buyers relying upon an imperfect investigation of their own, as in Mahaffey v. Ferguson, 156 Pa. 156, cited by the appellant, but the case of a buyer relying upon a false estimate of a vendor and his confidence increased by the further falsehood still more persuasive." In this case reliance was placed on the assertion of a fact. The assertion was made to prevent investigation, and if false it was false to the knowledge of the vendor and made with the intent to deceive.

The judgment is reversed with a venire facias de novo.