## Machin v. Prudential Trust Company, Appellant.

210        253
f 36 SC ¹ 91

*Evidence—Parol evidence—Fraud—Written instrument.*

It is competent for a defendant to prove that he was induced to execute a written agreement by fraudulent representations affecting the consideration. Such testimony does not alter nor vary the terms of the contract but shows a failure of consideration which entitles the defendant to relief from the written obligation.

In an action against the guarantor of a building contract, an affidavit of defense was filed which averred that plaintiffs, the contractors, had agreed with the owner of the building that no mechanic's lien should be filed against the building, and that at the execution of the agreement of guaranty plaintiffs represented that their agreement with the owner contained a full and absolute waiver of the right of lien; that relying on this representation, defendants executed and delivered their agreement; that this representation was an essential part of the inducement, and without it the agreement would not have been made; that after a draft of an agreement containing a provision against filing liens had been submitted to and approved by the owner, a clause practically nullifying the provision was covertly inserted for the purpose of defrauding the owner and defendant, and that the agreement was executed without knowledge of the alteration; and that liens aggregating a large amount specified, had been filed by the plaintiffs and others. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Oct. 25, 1904. Appeal, No. 128, Oct. T., 1904, by defendant, from order of C. P. No. 1, Allegheny Co., June T., 1904, No. 633, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Arthur Machin et al.

v. Prudential Trust Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Reversed.

Assumpsit on a contract of guaranty.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*H. L. Castle* of *Stone & Stone*, for appellant, cited : Cummings v. Klapp, 5 Watts & Sergeant, 511 ; Morgan Engineering Co. v. McKee, 155 Pa. 51 ; Jessop v. Ivory, 172 Pa. 44 ; Powelton Coal Co. v. McShain, 75 Pa. 238 ; Shughart v. Moore, 78 Pa. 469.

*C. C. Dickey*, with him *G. Von Phul Jones* and *Pier Dannals*, for appellees, cited : Krueger v. Nicola, 205 Pa. 38 ; Homewood People's Bank v. Heckert, 207 Pa. 231.

OPINION BY MR. JUSTICE FELL, December 31, 1904 :

The substance of the statement of claim is that the plaintiffs agree to construct for the Monongahela Real Estate Corporation two buildings for which they were to be paid $477,000. The capital of the corporation was only $1,000 and the payments were to be provided for by an increase of capital and by loans to be secured, one of $200,000 on first mortgage and one of $40,000 on second mortgage.   Of the second loan $30,000 was to be paid the plaintiffs on the completion of the building. The agreement between these parties was in writing but was not to become binding until the defendant guaranteed the final payment of $30,000.   This the defendant, having taken the second mortgage, agreed with the plaintiffs to do and the agreement was put in writing.   This action is on the agreement to recover the amount of the reserved payment.

It is substantially averred in the affidavit of defense that the plaintiffs had agreed with the real estate corporation that no mechanics' liens should be filed against the building, and that

at the execution of the agreement sued upon the plaintiffs represented that their agreement with the real estate corporation contained a full and absolute waiver of the right of lien and that relying on this representation the defendant executed and delivered its agreement; that this representation was an essential part of the inducement and without it the agreement would not have been made; that after a draft of an agreement containing a provision against filing liens had been submitted to and approved by the real estate corporation, a clause practically nullifying the provisions was covertly inserted for the purpose of defrauding the corporation and the defendant, and that the agreement was executed without knowledge of the alteration; that liens aggregating over $474,000 have been filed by the plaintiffs and others.

These averments, if established by proof, would show such fraud in the procurement of the agreement as would relieve the defendant from liability. The defendant would not be precluded from showing the facts averred on the ground that the evidence would be in contradiction of the written instrument. It is competent for a defendant to prove that he was induced to execute a written agreement by fraudulent representations affecting the consideration. Such testimony does not alter nor vary the terms of the contract but shows a failure of consideration which entitles the defendant to relief from the written obligation: Stubbs v. King, 14 S. & R. 206; McCulloch v. McKee, 16 Pa. 289; Schuylkill Co. v. Copley, 67 Pa. 386; Atherholt v. Hughes, 209 Pa. 156. It is unnecessary to consider the other grounds of defense set out in the affidavit because this one was sufficient to prevent judgment. The order of the court making absolute the rule for judgment is reversed.