369 A.2d 423

COMMONWEALTH of Pennsylvania

v.

Charles E. DEAN, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Nov. 22, 1976.

John Paul Curran, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Charles E. Dean, was charged with conspiracy and passing worthless checks as a result of an incident wherein an accomplice was alleged to have given a worthless check to a merchant and received merchandise and change in return. A trial was held on the charges in the Municipal Court of Philadelphia on October 1, 1974, and the appellant was found guilty. He filed an appeal from that Decision and a trial was held on December 16, 1974, before the Court of Common Pleas of Philadelphia County. As a result of this trial, petitioner was adjudged not guilty of both charges. Following that finding, the appellant filed a Writ of Replevin (at Misc. No.

324

75–002227) to obtain the return of certain monies taken from his person by police and passed on to the victim of the crime. The lower court denied the appellant's petition, and from such denial he filed the instant appeal. We affirm.

The record shows that the defendant was originally confronted and arrested by police officers of the Philadelphia Police Force because of his alleged involvement in the passing of a worthless check earlier the same day. It seems that a young lady purchased merchandise from an appliance store in Philadelphia by using a worthless check. In addition to the merchandise, she received eighty ($80.00) dollars in change consisting of a fifty dollar bill, a twenty dollar bill and a ten dollar bill. The appellant was allegedly her companion at the time of this transaction and was also her companion at the time he was arrested by police. At the time of his arrest, three bills, in denominations identical to those earlier given to his female companion at the appliance store, were discovered hidden in the appellant's sock. At some time during the course of appellant's case, the eighty ($80.00) dollars in currency was returned to the owner of the appliance store. The appellant filed the aforementioned Writ of Replevin for the return of the eighty ($80.00) dollars which had been given by police to the victim.

The dismissal of appellant's petition was appropriate since no replevin action could be successfully maintained against the Commonwealth in these circumstances. Initially, it is noted that the appellant seeks the return of money; historically replevin has been an action undertaken to regain possession of *goods and chattels* from the defendant. *International Electronics Co. v. N. S. T. Metal Products Co.*, 370 Pa. 213, 88 A.2d 40 (1952). While the successful plaintiff may also recover damages for the wrongful taking and detention of the property as a subsidiary matter, it has long been established that the primary purpose of the remedy is to recover property in

specie, *Herdic v. Young*, 55 Pa. 176 (1867). Money may only be the property in a replevin action if it is easily susceptible to ready and positive identification. See *Corn Exchange National Bank v. Solicitors' Loan & Trust Co.*, 188 Pa. 330, 41 A. 536 (1898) (bundle of two ($2.00) dollar bills). No such possibility of positive identification of the currency in question is apparent in this case. Further, the Commonwealth, the named defendant, is no longer in possession of the subject matter sought, having turned over such funds to the victim. It is fundamental to an action of replevin that the defendant be in actual or constructive possession of the property which is the subject of the action. *Winner v. Messinger*, 165 Pa.Super. 507, 511, 69 A.2d 172, 174 (1949).

It is clear that this is not a damage action against the Commonwealth for improper disposition of funds or an action for wrongful seizure of funds.[1] Compare *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976); *Pannulla v. Rosenberg*, 171 Pa.Super. 233, 90 A.2d 267 (1952). Nor is the victim, the present possessor of the funds in dispute, a party to this case. In view of all of these factors, the dismissal of the Petition for Writ of Replevin, without hearing, was proper.

Affirmed.

SPAETH, J., concurs in the result.

1. See Rule 324, Pennsylvania Rules of Criminal Procedure.