685 A.2d 201

**Karen Sue HAWS**

v.

**Maria CONFORTI, a/k/a Maria Conforti Pulice, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 30, 1996.

Filed Nov. 20, 1996.

David B. Cercone, Pittsburgh, for appellant.

William T. Woncheck, Jr., Natrona Heights, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

Maria Conforti appeals from the judgment entered following the April 30, 1996 Order denying her motion for judgment notwithstanding the verdict. Following a nonjury trial in this replevin action, a verdict in the amount of $2,850 plus interest and costs was entered in favor of appellee. The facts of this case, as set forth by the trial court, are as follows.

Prior to May 26, 1995, the plaintiff, Karen Sue Haws, lived in a house at 2941 Leechburg Road, Lower Burrell, Pennsylvania. Her boyfriend lived at 2939 Leechburg Road, an adjacent dwelling, and at her request, stored in his larger home various items, furniture and appliances belonging to the plaintiff. Both houses were owned by the same landlords and prior to May 26th both homes were sold to the defendant, Maria Conforti. While in the process of moving on May 26th, Ms. Haws sought to retrieve her stored furnishings from the house at 2939, but was unable to do so because the house was locked. The plaintiff tried to engage the services of a locksmith to assist her in removing the property in the presence of a constable, but that plan was thwarted when the defendant appeared at the house and forbid any entry. Both the plaintiff and the [constable]

testified that they could see the plaintiff's property inside the house at 2939 on May 26th when they looked through the various windows on the first floor. In June there were two separate proceedings before a district justice between the plaintiff and defendant [and] the replevin action was filed [on September 14, 1995]. [A verdict in the amount of $2,850 was entered on December 6, 1995, following a nonjury trial.]

(Slip Op., Ackerman, J., 4/30/96, pp. 1–2.)

██ When reviewing the propriety of an Order denying a motion for judgment n.o.v., our sole duty is to determine whether there was sufficient, competent evidence to sustain the verdict, granting the verdict winner the benefit of every reasonable inference that can be drawn from the evidence and rejecting all unfavorable testimony and inferences. *Curran v. Philadelphia Newspapers, Inc.,* 376 Pa.Super. 508, 546 A.2d 639 (1988), alloc. denied, 522 Pa. 576, 559 A.2d 37 (1989).

On appeal, appellant claims the trial court erred in denying her motion for judgment n.o.v. "since plaintiff presented no evidence to establish that defendant was in actual or constructive possession of her personalty when she commenced her action of replevin." (Appellant's brief at 9.) Specifically, appellant is claiming that although evidence was presented by appellee and the constable indicating that appellee's goods were in appellant's possession on May 26, 1995, there was no evidence presented that she possessed the goods when appellee filed suit, on September 14, 1995. In support of this proposition, appellant directs our attention to two cases.

In the first, *Commonwealth v. Dean,* 245 Pa.Super. 322, 369 A.2d 423 (1976), appellant sought return of $80 which the police had seized from him and given to the owner of a store, whom appellant allegedly defrauded by passing a worthless check. In affirming the dismissal of appellant's replevin action, this Court held:

[T]he Commonwealth, the named defendant, is no longer in possession of the subject matter sought, having turned over such funds to the victim. It is fundamental to an action of

replevin that the defendant be in actual or constructive possession of the property which is the subject of the action. *Id.* at 325, 369 A.2d at 425.

In the second case cited by appellant, *Winner v. Messinger,* 165 Pa.Super. 507, 69 A.2d 172 (1949), appellee, a bottled gas company, brought a replevin action against appellant, an assignee of the accounts of appellee's dealer, to recover equipment which appellant had leased to customers. The trial court found in favor of appellee. In reversing the lower court on the basis that the customers, rather than appellant, were in possession of the equipment, this Court held:

> An action of replevin cannot be maintained against one not in actual or constructive possession of the property sought to be recovered, so that the defendant, if judgment be rendered against him, may make delivery thereof to the plaintiff.

*Id.* at 511, 69 A.2d at 174.

Instantly, the trial court rejected, on the following basis, appellant's claim that *Dean* and *Winner* require the dismissal of appellee's replevin action:

> In both the *Dean* and *Winner* cases cited by the defendant, the property of the plaintiffs, at the time the actions were filed, was in the possession of identifiable third parties who were not defendants to the action. That is an important distinction when compared to the facts of this case. The defendant had control and possession of the plaintiff's property in May, she refused all attempts by the plaintiff to enter the house where the property was, and now denies knowledge of where the property was in September. Under these circumstances, I conclude that the defendant's possession of the plaintiff's property was continuing in nature.

(Slip Op. at 3–4.)

In so holding, the court relied upon 2 ALR2d 1044 § 2, **Proof of prior possession,** which provides:

> [I]t would in many cases present a well-nigh insuperable obstacle if the plaintiff were required to furnish testimony that he or his witnesses actually saw the property in the

possession of the defendant at the exact time an action for its recovery was commenced. Many reasons suggest themselves why it would be impossible to furnish such testimony, such as that the defendant might transfer or hide the property or might deny the plaintiff the right of inspection, or that the property might consist of a large number of items necessitating an inventory. Accordingly, the general rule—that possession, being a fact continuous in its nature, when its existence is once shown, is presumed to continue until the contrary is proved—has been given application in this connection.

It is the generally accepted rule that possession of personal property by the defendant, proved to exist at some time prior to the commencement of an action to recover such property, is presumed to continue until the contrary is established; and such proof, if not explained or overcome, is sufficient to establish possession in the defendant at the commencement of the action.

*Id.;* (emphasis added). We agree with the trial court that this provision suggests the proper resolution of the instant case.

In this regard, we note that the court "found as a fact that the plaintiff's property was in the defendant's house in May" and "did not accept as credible the testimony of the defendant's son that it was never in the house nor is it logical to conclude that somehow it was removed from the house without the knowledge or consent of the defendant." (Slip Op. at 3.) Thus, according to the court as finder of fact, possession of appellee's property was "once shown" when it was seen by appellee and the constable on May 26, 1995. As indicated above, according to 2 ALR2d 1044, § 2, such possession "once shown, is presumed to continue until the contrary is proved[.]" Rather than attempting to prove that she lost possession after May 26, 1995, appellant, via her son's testimony, claimed that she never had possession of appellee's property. This claim was rejected by the trial court, whose role it was to determine the credibility of witnesses, and we will not disturb this determination. See *Commonwealth v. Hall,* 382 Pa.Super. 6, 554 A.2d 919 (1989). Appellant claims that the presumption of

continuous possession suggested by 2 ALR2d 1044, § 2, is inapplicable because "2 common threads" (appellant's brief at 12), of the rule are not present in the instant case. According to appellant, these threads are: (1) prior possession was not in dispute; and (2) the prior possession was close in time to when the suit was filed.

Appellant has not directed our attention to any authority indicating that these "threads", which do not appear in the text of 2 ALR2d 1044, § 2, are formal requirements of the presumption's applicability. Further, imposition of the first factor would defeat the utility of the presumption because a replevin defendant, like appellant herein, will often deny he or she ever possessed plaintiff's property. Under appellants' theory, such a denial would preclude the presumption of continuous possession, and thus defeat the very purpose for which the presumption was developed, to overcome defendant's denial that he possessed plaintiff's property.

As to appellant's contention that the presumption of continuous possession applies only where "the prior possession was close in time to when the suit was filed", we reiterate that the text of the rule contains no such requirement. Under the rule, when possession is "once shown, [it] is presumed to continue until the contrary is proved[.]" Further, we note that in the instant case less than four months elapsed from the time appellant's possession was established, May 26, 1995, until appellee commenced suit, September 14, 1995. At least one other jurisdiction has applied the presumption of continuous possession despite a longer delay. See *Wails v. Farrington*, 27 Okla. 754, 116 P. 428 (1911) (defendant's possession was established on February 15, 1904 and suit was commenced on December 9, 1904). Thus, we find no error in the trial court's conclusion that appellee established appellant's actual or constructive possession of her property.

Having rejected appellant's sole claim on appeal, we affirm the judgment entered following the Order denying her motion for judgment n.o.v.

Judgment affirmed.