**UNITED STATES of America, Plaintiff,**

**v.**

**$199,514.00 UNITED STATES CURRENCY, Defendant.**

**No. 87–63–CIV–3.**

United States District Court,
E.D. North Carolina,
Fayetteville Division.

Jan. 21, 1988.

Stephen A. West, Asst. U.S. Atty., Margaret Person Currin, U.S. Atty., E.D.N.C., Raleigh, N.C., for plaintiff.

Marc L. Barbakoff, Entin, Schwartz, Barbakoff & Schwartz, Miami, Fla., Herman Gaskins, Washington, N.C., for defendant.

## ORDER

JAMES C. FOX, District Judge.

This is a civil action wherein the United States seeks the forfeiture of $199,514.00 in United States currency pursuant to the provisions of 21 U.S.C. § 881(a)(6). Claimant, Ernesto Handal, has filed a motion to dismiss the complaint. The motion has two bases: first, that the complaint should be dismissed for its alleged failure to comport with the requirements of Rule E(2)(a) of the Supplemental Rules For Certain Admiralty and Maritime Claims; and second, that the complaint should be dismissed due to unreasonable delay between the time of seizure and the filing of the judicial action. Plaintiff has responded to Claimant's motion, and the matter is ripe for disposition. The issues will be addressed, seriatim, below.

In determining the adequacy of a complaint brought pursuant to 21 U.S.C. § 881, it is necessary to review Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, made applicable to civil forfeiture proceedings by 28 U.S.C. § 2461(b) and 21 U.S.C. § 881(d). Rule E(2)(a) provides that any complaint in an action *in rem* "shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investi-gation of the facts and to frame a responsive pleading."

Rule E(2)(a) requires a higher degree of specificity than that required by the Federal Rules of Civil Procedure generally. 5 Wright & Miller, *Federal Practice and Procedure* § 1227, at 165 (1969); 7A Moore's Federal Practice § E.03, at E–106 (2d ed. 1985). Yet, because the rule "indicates no intention to part from the admiralty's traditional pleading liberality," it is said that this requirement

> must be construed so as to achieve its basic purpose of providing those with an interest in the res ... with specific information about the cause of action without placing the plaintiff in a position where he might stumble over technical pleading requirements.... [A]dmiralty is more concerned with the substance of the pleading than with its form and, if the substance of the pleading is sufficient to indicate that it sets forth a cause [of action] ... and to appraise ... those with an interest in the res of the basis of the complaint, it will be sufficient to commence the proceeding.

7A Moore's Federal Practice § E.03, at E–102 to E–104 (2d ed. 1985). *See also The Quickstep*, 76 U.S. (9 Wall.) 665, 19 L.Ed. 767 (1869). According to Professor Moore, the greater particularity required by Rule E "is not intended to pose traps for unwary plaintiffs and ... it is incumbent upon a [claimant] to fill in any pleading gaps *that in no way impede his ability to understand the nature of the action with normal discovery process*, and not to move to dismiss the complaint...." 7A Moore's Federal Practice, *supra*, at E–106 (emphasis added.) Hence, while specificity is required by Rule E(2)(a), the requirement is not an onerous one. Rule E(2)(a) is satisfied as long as the claimant can understand the basis and nature of the action so as to appropriately frame discovery requests to uncover the detailed predicate for the Government's complaint, and to respond thereto.

The requirements of Rule E(2)(a) have been met in this case. The complaint herein contains more than conclusory alle-

gations regarding the forfeitability of the defendant currency.

The complaint alleges the following facts which support an inference that the defendant currency is subject to forfeiture under 21 U.S.C. § 881(a)(6):

1. The amount ($199,514.00) and form (cash) of money, together, would be highly unusual for an ordinary traveler to possess.

2. The money's was present in a rental vehicle

   (a) on I–95, a known drug courier route;

   (b) exceeding the safe speed;

   (c) from Miami, Florida, (a city well known as a point of drug importation from South America);

   (d) rented by and driven by persons of Hispanic ethnic backgrounds (which would be of assistance in interfacing with South American drug sources);

   (e) the money being concealed in two locations (under the rear seat and spare tire).

3. The driver of the vehicle disavowed any knowledge of ownership of the money by himself or the claimant.

4. The vehicle contained no luggage.

5. The driver gave no indication of his destination or the origin of the money.

6. Traces of cocaine were found on the defendant currency.

The foregoing supports a reasonable belief that the defendant currency is subject to seizure and forfeiture. Furthermore, the claimant, who rented the car and whose brother was the driver thereof, and who claims ownership of the money, is able, by reason of the facts alleged, to know and investigate all facts relevant to the seizure and to frame a responsive pleading to the complaint. Additionally, the claimant is not a person reasonably likely to be unaware of the circumstances surrounding his brother's possession of the money and his brother's travel plans. Circumstantial evidence presented in the complaint is sufficient to comply with Supplemental Rule E(2)(a).

■ As to the second issue, a six-months delay is not unreasonable, particularly where the delay is justified and claimant fails to allege and demonstrate any prejudice as a result of such delay.

In *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the Supreme Court established a balancing test for determining whether a delay in instituting forfeiture proceedings after the subject property has been seized is unreasonable and, therefore, unconstitutional. According to the Court, the proper factors to be considered and weighed are the length of the delay, the reason for the delay, the claimant's assertion of the right to a hearing, and the prejudice to the claimant because of the delay. *Id.* at 564, 103 S.Ct. at 2012.

### A. *Length of Delay.*

■ The length of the delay is the triggering factor in the due process analysis. In certain cases, the delay, even though unjustified, is so short that the due process analysis is not even triggered. *E.g., United States v. One 1980 Mercedes Benz 500 SE,* 772 F.2d 602, 606 (9th Cir.1985) (two-month delay); *see also United States v. One 1954 Rolls Royce Silver Dawn,* 777 F.2d 1358, 1361–62 (9th Cir.1985) (seven-month delay). In this case, the delay was not egregious.

### B. *Reason for Delay.*

■ Closely related to the length of the delay is the reason assigned to justify the delay. Length of delay, in and of itself, is almost meaningless. Only unjustified delay raises a due process concern and then only when the delay is excessive and claimant can demonstrate prejudice. A certain amount of delay is inherent in the forfeiture process, as the same is replete with safeguards and opportunities for claimants to make their views known and to seek the return of their property short of the institution of judicial proceedings. The Supreme Court has found that the pendency of a petition for administrative relief from

forfeiture can justify delay in filing the civil forfeiture action. *United States v. Eight Thousand Eight Hundred Fifty Dollars ($8,850) in United States Currency*, 461 U.S. at 566, 103 S.Ct. at 2013. As the Supreme Court noted:

> An important justification for delaying the initiation of forfeiture proceedings is to see whether the Secretary's decision on the petition for remission will obviate the need for judicial proceedings. This delay can favor both the claimant and the Government.... In many cases, the Government's entitlement to the property is clear, and the claimant's only prospect for reacquiring the property is that the Secretary will favorably exercise his discretion and allow remission or mitigation. If the Government were forced to initiate judicial proceedings without regard to administrative proceedings, the claimant would lose this benefit. Further, administrative proceedings are less formal and expensive than judicial forfeiture proceedings. Given the great percentage of successful petitions, allowing the government to wait for action on administrative petitions eliminates unnecessary and burdensome court proceedings. Finally, a system whereby the judicial proceeding occurs after administrative action spares litigants and the Government from the burden of simultaneously participating in two forums.

*Id.* (citations and footnote omitted.) In the instant case, claimant has not demonstrated lengthy delay nor any significant delay which was not entirely justified. As the Supreme Court has noted:

> The Government must be allowed some time to decide whether to institute forfeiture proceedings. The [law enforcement] official's decision to seize property is of necessity a hasty one. Both the Government and the claimant have an interest in a rule that allows the Government some time to investigate the situation in order to determine whether the facts entitle the Government to forfeiture so that, if not, the Government may

return the money without formal proceedings.

*Id.* at 565, 103 S.Ct. at 2012–13.

C. *Claimant's Assertion of the Right to a Judicial Hearing.*

The Supreme Court has indicated that a claimant may trigger the rapid filing of a forfeiture action if he desires it. *Id.* at 569, 103 S.Ct. at 2014. Counsel for claimant herein did attempt to do so by informing the agency that he desired that the seizure be referred to the United States Attorney. However, a significant length of time had already passed before he made this request. The seizure occurred on February 9, 1987. It was two (2) months later before claimant wrote to the United States Attorney and to the Drug Enforcement Administration requesting immediate referral to the United States Attorney, and for judicial proceedings to be instituted if appropriate. The case was referred two (2) months later, on June 5, 1987, after officials at DEA had reviewed the case as claimant requested and determined that it was appropriate to proceed with referral. This is not an unreasonable delay.

D. *Prejudice.*

■ The final element of the balancing test is whether the claimant has been prejudiced by the delay. This is probably the most important element of the balancing test, because without any prejudice there is no injury to the claimant. Without injury, due process violations at most would be technical ones that could be remedied by a nominal award of damages. The Supreme Court has noted: "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence. Such prejudice could be a weighty factor indicating that the delay was unreasonable." *United States v. Eight Thousand Eight Hundred Fifty Dollars ($8,850) in United States Currency*, 461 U.S. at 569, 103 S.Ct. at 2014.

■ In this case, claimant has not demonstrated that the delay in filing of the civil

forfeiture action in any way has prejudiced his ability to defend against the forfeiture. While there is prejudice in the fact that claimant may have been deprived wrongfully of the use of the money during the delay, such prejudice is present in every forfeiture case and generally is not legally relevant. The deprivation of money, for a reasonable period of time, is not cognizable "prejudice" for purposes of the due process analysis. *See United States v. $10,755.00 in United States Currency*, 523 F.Supp. 447, 449–50 (D.Md.1981). *See also United States v. Eight Thousand Eight Hundred Fifty Dollars ($8,850) in United States Currency*, 461 U.S. at 569, 103 S.Ct. at 2014.

In conclusion, the delay in this case was relatively short, does not appear unjustified, and was without demonstrable prejudice to claimant. Hence it does not rise to constitutional significance. No due process violation has occurred.

For the foregoing reasons, claimant's motion to dismiss is DENIED.

SO ORDERED.