**UNITED STATES of America, Plaintiff,**

v.

**$600,000.00 IN UNITED STATES CURRENCY, Defendant.**

**Civ. A. No. 94–1236–MLB.**

United States District Court, D. Kansas.

Oct. 24, 1994.

Annette B. Gurney, Office of U.S. Atty., Wichita, KS, for the U.S.

Stephen M. Joseph, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, Wayne D. Meissner, Fitzgerald & Meissner, P.C., Austin, TX, David B. Smith, English & Smith, Alexandria, VA, for Sidney Dennis Bolton.

Sidney Dennis Bolton, pro se.

## MEMORANDUM AND ORDER

BELOT, District Judge.

The claimant, Sidney Dennis Bolton, by his Texas counsel [1] has moved the court to direct the United States to file a more definite statement (Doc. 17). The United States has filed a response opposing the motion (Doc. 19). For the following reasons, the motion is denied.

1. Wayne D. Meissner, admitted *pro hac vice* pursuant to this court's order of August 4, 1994

The court has reviewed the file which discloses that the government filed its verified complaint of forfeiture on June 16, 1994 (Doc. 1). The complaint was supported by the affidavit of Gary Haak, a DEA taskforce officer. By order dated June 21, 1994 (Doc. 2), this court found probable cause that the defendant currency was used or was intended to be used in exchange for controlled substances or represented proceeds of drug trafficking.

■ In the motion before the court, the claimant contends that he needs a more definite statement because:

> The complaint fails to allege sufficient facts to support the conclusory allegation of a reasonable inference that the defendant currency was the proceeds of any past drug transaction nor that it was intended to be utilized to complete some future drug transaction. The complaint is devoid of any allegation of dates, times or location of past or future purported or intended drug transactions, any dollar amounts of any imagined exchanges, any speculation about specific kinds of drugs, nor any reference to likely participants.

(Doc. 17).

In support of his motion, claimant cites one Tenth Circuit case: *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210 (1986). In that case, the dismissal of forfeiture complaints was affirmed because the complaints, which were *not* accompanied by supporting affidavits, were found to be nothing more than unsupported, conclusory allegations which failed to allege any connection between the currency and illegal controlled substances. The Tenth Circuit noted that the complaint seeking forfeiture of the currency:

> [F]ails to assert facts supporting a reasonable inference that the money was involved in a drug transaction. It specifies no date or location of any purported or intended exchange, no dollar amount of such exchange, no specific type or quantity of controlled substance, and no identified participant. ... these claims of unidentified parties and unspecified conduct neither

(Doc. 10).

give a claimant a reasonable starting point from which to initiate a meaningful investigation nor permit a responsive pleading that can address identities, quantities, locations or dates of an alleged offense.

*Id.* at 1220. Claimant would have this court interpret this passage to impose a requirement that a complaint must plead such information in order to be deemed valid in the Tenth Circuit.

Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, 21 U.S.C. § 881(b), sets out the following pleading requirements:

a. Complaint. In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Contrary to the claimant's allegations (Doc. 17), the supplemental rule does *not* require the complaint to allege dates, times or locations of past or future purported or intended drug transactions, dollar amounts of "imagined exchanges," "speculation" about specific kinds of drugs or reference to likely participants. The question, then, is whether the above-quoted passage from *$39,000 in Canadian Currency* establishes a pleading requirement in the Tenth Circuit that all forfeiture complaints, to be legally sufficient and not subject to a motion for a more definite statement, must contain such specific allegations. The court concludes it does not. If the Tenth Circuit desired to make such specific pleading requirements, it easily could have said so.

The question of forfeiture complaint sufficiency was discussed in *United States v. United States Currency in the Amount of $150,660*, 980 F.2d 1200 (8th Cir.1992). The case cites *$39,000 in Canadian Currency* for the proposition that a Section 881(a) complaint must allege specific facts sufficient to support an inference that the property is subject to forfeiture but goes on to point out that the complaint must establish only a reasonable belief that the government can show probable cause for forfeiture at trial. The court believes the Tenth Circuit would accept this analysis.

In this case, as in *Currency in the Amount of $150,660*, the complaint is supported by a detailed affidavit. It states, in substance, that a car driven by the claimant was stopped for a traffic violation by a Kansas Highway Patrol trooper. The claimant had a Texas driver's license. The car was registered in Connecticut to another individual. The claimant denied having met the registered owner and was not positive whether the registered owner actually owned the car.

The trooper asked for and received permission to search the car. The trunk of the car contained a suitcase which the claimant said was his. When the trooper asked to look in the suitcase, the claimant responded that it was locked and that he did not know the combination. Upon further inquiry, claimant "guessed" he could look for the combination. When the claimant opened the suitcase, it was found to contain another suitcase which, when opened, was found to contain a large amount of cash tightly wrapped in small bundles. It is averred that the cash appeared to be packed in a way similar to that commonly used by drug traffickers.

When the trooper asked the claimant about the money, he responded that "it's something that I just picked up." The claimant told the trooper he owed someone some money. The claimant stated that he did not know how much money was in the suitcase. He also told the trooper he had a prior arrest for growing marijuana. Finally, a narcotics dog alerted to the presence of drugs in the car and the suitcase, although no drugs were found.

These allegations would satisfy the Eighth Circuit's standards set forth in *Currency in the Amount of $150,660*, and the court finds them equally sufficient to meet the Tenth Circuit's pleading requirements of specific facts sufficient to support an inference that the property is subject to forfeiture under 21 U.S.C. § 881. *See* 801 F.2d at 1219; *see also U.S. v. $199,514 U.S. Currency*, 681 F.Supp. 1109, 1111 (E.D.N.C.1988). Stated another way, the allegations are sufficient to permit the claimant to commence an investigation

and to frame a pleading responsive to the complaint. Indeed, the claimant does not profess any inability to do either of these things.

The government also asks the court to reaffirm the finding of probable cause made in its June 21, 1994 order. At the time this order was entered, no claim had been asserted to the $600,000.

■ A large sum of money, possession of which is unexplained, may constitute evidence that the money was furnished or was intended to be furnished in exchange for illegal drugs. *U.S. v. $83,900 in U.S. Currency*, 774 F.Supp. 1305, 1320 (D.Kan.1991). $600,000 in cash, coupled with the other facts averred in the affidavit, if true, may well be sufficient for a finding of probable cause. However, the court believes it should defer reaffirming its probable cause finding until claimant has had an opportunity to respond to the complaint and submit whatever authority he may have on the probable cause issue. This is particularly appropriate since this case is set for a scheduling conference before the magistrate on November 1, 1994. Accordingly,

IT IS ORDERED that the claimant's motion for more definite statement (Doc. 17) is denied. On or before October 31, 1994, the claimant shall file his answer to the complaint. The answer shall respond *specifically* to the allegations of the complaint and the averments of the affidavit. In addition, the claimant shall file his response to the government's argument (Doc. 19, pp. 5–6) that probable cause has been established. Finally, the claimant shall file a verified statement setting forth specific facts supporting his claim to the money.

The November status conference shall *not* be continued.

IT IS SO ORDERED.