Pannulla, Appellant, *v.* Rosenberg.

Argued March 20, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

234

*Wm. J. Woolston,* with him *Louis Lipschitz,* for appellant.

*Richardson Dilworth,* District Attorney, with him *Thomas M. Reed,* Assistant District Attorney, *John T. Curtin,* Assistant District Attorney, and *Michael von Moschzisker,* First Assistant District Attorney, for appellees.

OPINION BY RENO, J., July 17, 1952:

Petitioner was arrested on a charge of pool selling and bookmaking on horse races. Police officers seized and confiscated $600 found in his bureau drawer. He petitioned the court below for an order directing Samuel Rosenberg, Director of Public Safety, and John Murphy, Inspector of the Vice Squad, to return the money to him. After taking the testimony the petition was refused.

The proceeding is in rem and the Commonwealth is not held to the same degree of proof required in a criminal trial. Denial of appellant's petition must be affirmed if from the testimony the trial judge could reasonably infer that the fund was an integral part of petitioner's gambling activities. *Com. v. Petrillo,* 158 Pa. Superior Ct. 354, 45 A. 2d 404. See also *Urban's Appeal,* 148 Pa. Superior Ct. 101, 24 A. 2d 756; *In Re Petition of Supt. of Police,* 113 Pa. Superior Ct. 520, 173 A. 753.

At the time of the raid on petitioner's apartment police officers found 200 bets, bookmaking sheets; and

$94, admittedly received from bookmaking, was taken from his jacket pocket. The $600, the money in controversy, was found in petitioner's adjoining bedroom, in the bottom bureau drawer underneath some clothes, in $10 and $20 denominations. Petitioner contends that this money was not derived from bookmaking but represented savings from a service disability pension of $30 per month, and earnings as a "landscape gardener." He had previously stated to police officers that he had been bookmaking on horse racing bets for a year and a half, backing his own bets, and that he had no legitimate business but occasionally helped his mother with her gardening. The learned trial judge found petitioner's story incredible.

It is well settled that money may be subject to seizure, along with gambling devices, if it is an integral part of the illegal gambling operation when seized. *Rosen v. Supt. Police Le Strange,* 120 Pa. Superior Ct. 59, 181 A. 797; *Fairmount Engine Co. v. Montgomery County,* 135 Pa. Superior Ct. 367, 5 A. 2d 419; *Schuettler v. Maurer,* 159 Pa. Superior Ct. 110, 46 A. 2d 586. We are satisfied, as was the court below, that the $600 represented bets placed with petitioner on the outcome of horse races and, regardless of whether it was received by him immediately prior to his arrest, it virtually belonged to the persons who had placed wagers and were awaiting the determination of the winners. Consequently, petitioner acted merely as a stakeholder. *Appeal of Joe Curcio,* 106 Pa. Superior Ct. 53, 161 A. 627; *Rosen v. Supt. Police Le Strange,* supra; *Fairmount Engine Co. v. Montgomery County,* supra; *Com. v. Deavenport,* 158 Pa. Superior Ct. 359, 45 A. 2d 405. As the learned judge stated in his opinion, "It would stultify the law to put the bank beyond its reach when 'possession' is only custody to enable the proprietor to meet wins and stay in business. He is no less

a stakeholder because he takes one man's money on today's race in order to pay off another man on to-morrow's win."

Order affirmed.