Commonwealth *v.* Crockett, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Drew Salaman, Dennis Kelly,* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

The issue on this appeal is whether the proceedings before the Municipal Court of Philadelphia sustain appellant's conviction under §1037 of The Vehicle Code[1] which makes it unlawful to operate a motor vehicle while under "the influence of intoxicating liquor or any narcotic drug or habit producing drug."

---

[1] Act of April 29, 1959, P. L. 58, §101 *et seq.,* 75 P.S. §101 *et seq.*

Appellant was convicted of the violation of §1037 by a judge of the Municipal Court of Philadelphia.[2] At trial, the only testimony offered by the Commonwealth was that of the arresting officer who stated that "[appellant's vehicle] was swaying back and forth in the oncoming traffic." After he observed this, the arresting officer stopped the vehicle and arrested appellant. The officer further testified that appellant fell to the ground as he got out of the vehicle and tried to talk, but could only mumble incoherently. The only other evidence presented by the Commonwealth was a stipulated report by a doctor who examined appellant. The doctor concluded that appellant was under the influence of narcotic drugs and at that time not able to properly operate a motor vehicle; that the drug used was known as "red devil;" and that in his opinion defendant was under the influence of narcotic drugs. The Commonwealth attorney and defense counsel, however, stipulated that "red devils are amphetamines and are not a narcotic drug." The Commonwealth then rested its case. After listening to the arguments of counsel, the municipal court overruled defense counsel's demurrer to the evidence and found appellant guilty. In denying certiorari, the common pleas court held that driving under the influence of amphetamines warranted his conviction.

We must first recognize that §1037 of The Vehicle Code is penal in nature and must be strictly construed. *See Commonwealth v. Kubelius,* 209 Pa. Superior Ct. 535, 232 A.2d 39 (1967) ; *Commonwealth v. Anspach,* 134 Pa. Superior Ct. 369, 4 A.2d 203 (1938). After charging appellant with a violation of §1037, it was incumbent upon the Commonwealth to prove that appellant was driving under the influence of "intoxicating

---

[2] His petition for a writ of certiorari was denied by the court of common pleas which upheld the decision of the municipal court.

liquor or any narcotic drug or habit producing drug."
The Commonwealth produced evidence that appellant
was driving under the influence of "red devils," an am-
phetamine, which the examining doctor stated placed
appellant under the influence of narcotic drugs. But
the Commonwealth also stipulated that such a drug
was not narcotic. " 'When a party on whom rests the
burden of proof in either a criminal or a civil case,
offers evidence consistent with two opposing proposi-
tions, he proves neither.' Commonwealth v. New, 354
Pa. 188, 221, 47 A.2d 450, 468 (1946)." *Commonwealth
v. Zeringo,* 214 Pa. Superior Ct. 300, 304, 257 A.2d 692,
694 (1969). These two inconsistent stipulations negat-
ed any proof that "red devils" are a narcotic drug.
Moreover, it should be noted that The Controlled Sub-
stance, Drug, Device and Cosmetic Act[3] makes no refer-
ence to amphetamines (red devils) as narcotic drugs,
and the prior law under The Drug, Device and Cos-
metic Act[4] labeled amphetamines as "dangerous drugs"
and not "narcotic drugs." Even their medical defini-
tions demonstrate the difference between narcotics and
amphetamines. An amphetamine is a substance "used
to *stimulate* the central nervous system" while a nar-
cotic is "[a]n agent that produces *insensibility* or
*stupor.*" [Emphasis added.] Dorland's Illustrated Medi-
cal Dictionary 70, 982 (24th ed. 1965). Although the
Commonwealth attorney argued that amphetamines
were habit producing, absolutely no evidence was in-
troduced to support that view.

The court of common pleas found that the purpose
of §1037 was to prohibit driving under the exposure of
this type of drug. However, our Court has already re-

---

[3] Act of April 14, 1972, P. L. 233, No. 64, §1 *et seq.,* 35 P.S.
§780-101 *et seq.*

[4] Act of September 26, 1961, P. L. 1664, §1 *et seq.,* 35 P.S.
§780-1 *et seq.*

viewed the history of this law. In *Commonwealth v. Schuler,* 157 Pa. Superior Ct. 442, 446, 43 A.2d 646, 648, *allocatur refused,* 158 Pa. Superior Ct. *xxv* (1945), our Court, after noting that the prior law made it illegal to operate a motor vehicle "when intoxicated,"[5] stated that the subsequent legislation[6] "by mentioning the modes by which the influence was engendered, and, by specifying them, *excluded all other modes.*" [Emphasis added.]

At trial, "red devils," the drug of which appellant was under the influence, were not shown to be either a "narcotic" or "habit producing" drug. Therefore, the Commonwealth has fatally failed in its burden of proof and appellant's conviction cannot stand.

The order of the Court of Common Pleas of Philadelphia County is reversed; the sentence of the Municipal Court of Philadelphia is vacated and the appellant discharged.

---

[5] Act of July 7, 1913, P. L. 672, §16.

[6] Act of June 29, 1937, P. L. 2329, §620(f), which is almost identical to the present §1037 of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §1037.