# Commonwealth v. $1,580 Cash

*Letty A. Kress, assistant district attorney,* for the commonwealth.

*William F. Mabon,* for defendant.

VOGEL, *P.J.,* February 13, 1990 — This decision concerns a forfeiture action which was filed by the Commonwealth of Pennsylvania, Office of Attorney General, on May 9, 1989. The property in question is $1,580 U.S. currency which was seized on January 16, 1989, pursuant to a consent search of a vehicle driven by Gregory A. Lewis and stopped by the Pennsylvania State Police for a speeding violation. The money was taken from the passenger and registered lessee of the vehicle, Thomas Patrick of 1279 Schenectady, Brooklyn, New York 11226. Subsequently, an answer and claim for the money was filed by Patrick Thomas of 1279 Schenectady Avenue, Brooklyn, New York 11203, on August 15, 1989.

A hearing and oral arguments were held before this court on October 13, 1989. On December 29,

1989 this court handed down an order granting petitioner's, Commonwealth of Pennsylvania, petition for forfeiture and condemnation of May 9, 1989. Defendant appealed the aforementioned order on January 29, 1990.

Both parties agree that it is petitioner's responsibility to prove by a preponderance of the evidence that the currency in question should be forfeited under the Controlled Substances Forfeitures Act, 42 Pa.C.S. §6801(a)(6)(i)(A), (B) which provides as follows:

"§6801. *Loss of property rights to commonwealth* —

"(a) *Forfeitures generally* — The following shall be subject to forfeiture to the commonwealth and no property right shall exist in them:

"(6)(i) All of the following:

"(A) Money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act, and all proceeds traceable to such an exchange.

"(B) Money, negotiable instruments, securities or other things of value used or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act.

This court found that based upon the facts as presented, petitioners have successfully proven by a preponderance of the evidence that the $1,580 U.S. currency taken from defendant's vehicle on January 16, 1989 is forfeitable under the aforementioned act.

The evidence presented by the commonwealth established that on January 16, 1989, Troopers Genero Mitchell and Steven McDaniel, of the Pennsylvania State Police, stopped a Ford Taurus with

registration ZFG-463 for speeding on the Pennsylvania Turnpike at Milepost 4044 in Montgomery County at approximately 1:20 a.m. The vehicle was occupied by two Jamaican males and one Afro-American female. The vehicle was leased to Thomas Patrick who was a passenger in the vehicle. The vehicle was driven by Gregory A. Lewis. Both males identified themselves with the above names and indicated they were from New York.

Trooper Mitchell asked for a consent search after spotting a bottle of beer on the floor of the car. Consent was given by Mr. Lewis and not objected to by Mr. Patrick. Both men were patted down for safety reasons. Trooper Mitchell found on Thomas Patrick $1,580 cash wrapped in 15 individual packages of $100 and one package with $80. A "beeper" was found on defendant's person.

No controlled substances were located in the vehicle and neither was any luggage. When asked to explain the origin of the money, Thomas Patrick indicated it was from his carpet business and he was looking for a carpet to buy to transport it back in the Ford Taurus. Thomas Patrick could not offer any details of his business, nor did he have a business card or know what his income was from the carpet business for the last year.

Due to the amount of money, nature of the packaging, existence of a pager device, and the race and origin of the occupants of the car, the troopers called in a drug-detection dog named "Bubba" to search the vehicle and money for the presence of any controlled substances. The dog gave positive indications for the presence of narcotics in the vehicle and on the money. A positive indication by a drug-detection dog indicates the property was in contact with a controlled substance. In this regard, it is worthy of mentioning that "Bubba," the drug-

detection dog, had a 95-percent find rate and had successfully completed several drug-detection courses.

In addition to the aforementioned evidence produced by the commonwealth on Friday, October 13, 1989 they also presented testimony from expert witness Trooper Milton Finn of the Region I strike force for narcotics. Trooper Finn testified that cocaine is sold in the Montgomery County area for $100 per gram and that drug dealers commonly wear paging devices to be located by their customers. Trooper Finn also testified that New York is a source city for drug trafficking and that Jamaicans were very active in illegal drug distribution.

Finally, it is also worthy to note that when Thomas Patrick answered the petition for forfeiture he claimed his name to be Patrick Thomas of the same address. Accordingly, this would indicate he leased the vehicle under an assumed name. Defendant chose not to present any testimony at the hearing before this court on October 13, 1989.

As previously stated this action is covered under The Controlled Substances Forfeitures Act, 42 Pa.C.S. §6801 et seq. The act provides that money or other things of value "furnished or intended to be furnished by any person in exchange for a controlled substance" or "used or intended to be used to facilitate any violation" of the drug laws is forfeitable. 42 Pa.C.S. §6801(a)(6)(i)(A), (B).

Once the commonwealth has borne the burden of proof by a preponderance of the evidence, *Commonwealth v. Landy*, 240 Pa. Super. 458, 362 A.2d 999 (1976), and this court believes they have, the burden then shifts to the claimant to show: "(1) [t]hat the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon[;] (2) [t]hat the claimant lawfully

acquired the property[; and] (3) [t]hat it was not unlawfully used or possessed by him." 42 Pa.C.S. §6802(j)(1)-(3).

Thus, in the case at bar the burden of proof has shifted to defendant, and he has failed to satisfy the burden required under 42 Pa.C.S. §6802(j)(1)-(3).

One of the standards the appellate courts of Pennsylvania have applied in determining whether to sustain the forfeiture of money, is evidence of drug dealing coupled with lack of evidence of legitimate income, *Lappas v. Brown,* 335 Pa. Super. 108, 483 A.2d 979 (1984). The aforementioned standard is clearly satisfied by the facts and circumstances of the instant action.

Furthermore, in *U.S. v. $199,514. U.S. Currency,* 681 F.Supp. 1109 (E.D. N.C. 1988) and *Michael LaChance v. The Drug Enforcement Administration,* 672 F.Supp. 76 (E.D. Wis. 1987), the respective courts determined that one of the primary factors in determining forfeiture exists when a "drug detection dog makes a positive alert to the traveler's money or luggage." The aforementioned primary factor, when coupled with collateral factors that tend to create a whole picture, is sufficient proof that forfeiture is appropriate.

In the instant action, defendant, Patrick Thomas, was stopped carrying $1,580 in U.S. currency which caused Bubba, a drug-detection dog with a 95-percent find rate, to alert positively. This primary factor, coupled with the following important factors:

, (1) the $1,580 cash was wrapped in 15 bundles of $100 each, which amount was known to be 'the purchase price of a gram of cocaine in Montgomery County;

(2) defendant, Patrick Thomas, was wearing a beeper on his person;

(3) defendant, Patrick Thomas, was unable to give a credible explanation for why he was carrying such a large quantity of money wrapped up in bundles as it was;

(4) defendant, Patrick Thomas could not offer any documentation of his alleged carpet business even though that is why he said he was there;

(5) defendant's use of a rental vehicle leased under an assumed name;

leads this court to its conclusion that petitioner's petition for forfeiture and condemnation of May 9, 1989 was properly granted.

While this court is aware of petitioner's, Commonwealth of Pennsylvania, allegations and testimony relating to the fact that Jamaicans are one of the ethnic groups which has been identified with drug dealings, we do not agree with petitioner that this is a collateral factor to be considered in determining whether there have been sufficient grounds for forfeiture pursuant to 42 Pa.C.S. §§6801(a)(6)(i)(A),(B) and 6802(j)(1)-(3).

Thus, for all of the above reasons, the court's order of December 29, 1989 regarding petitioner's, Commonwealth of Pennsylvania, petition for forfeiture and condemnation of May 9, 1989 should be affirmed even though we recognize that if petitioner's burden of proof had been more severe than a preponderance of the evidence, it would not have been successful.