## Commonwealth v. $499 U.S. Cash Currency

*Mary Carroll Favinger, assistant district attorney,* for the Commonwealth.
*Michael F. Flannery,* for claimant.

STALLONE, *J.,* November 25, 1991—On May 24, 1991, appellant, the Commonwealth of Pennsylvania, filed a petition for forfeiture of $499 in U.S. currency seized from the person of Iluminada Negron-Rivera (hereinafter "claimant"), arising out of an incident oc-

curring on February 18, 1991. A rule to show cause was issued upon the claimant on May 28, 1991, as to why the aforesaid $499 cash should not be forfeited to the Commonwealth. On July 9, 1991, the claimant filed a timely answer and new matter to the Commonwealth's petition, to which the Commonwealth subsequently filed a timely reply.

An evidentiary hearing was held on the merits of the Commonwealth's petition on September 9, 1991. At the conclusion of the hearing, we entered an order denying the prayer of the Commonwealth's petition and instead granting claimant's request to have the $499 cash plus accumulated interest returned to her. The Commonwealth subsequently filed a petition for reconsideration of the aforesaid order on October 9, 1991, the last day of the 30-day appeal period, which was summarily denied by this court without a hearing. This timely appeal followed.

The Commonwealth now seeks to raise the following three issues on appeal:

(1) The court "misconstrued" the Controlled Substance Forfeitures Act, title 42, Pennsylvania Consolidated Statutes §6801 et seq. (1991), in its conclusion that the Commonwealth failed to comply with 42 Pa.C.S. 6801(d) of that Act;

(2) The court erred by determining that the appropriate remedy was to order the $499 cash to be paid over to claimant, when she had made no evidentiary showing of her entitlement to the cash; and

(3) The court erred in ordering payment of interest accumulated on the aforesaid $499 cash to the claimant.

We shall address each of the issues being raised by the Commonwealth seriatim.

The Commonwealth's first contention is that we erred in concluding that it had failed to comply with the procedural requirements of section 6801(d) of the Forfeitures Act. In her new matter, claimant challenged the Commonwealth's disposition of the cash subsequent to its being seized from the claimant. In paragraph 12 of the new matter, she alleges:

"(12) In this case the Commonwealth failed to place the property under seal and preserve the property, and on the contrary, the Commonwealth apparently has commingled the $499 which was seized from Iluminada Negron-Rivera with other funds so that the seized property is no longer physically identifiable."

Claimant went on to allege in paragraphs 13 - 16 that the Commonwealth's failure to place the $499 cash "under seal" was relevant because she intended to prove, by the condition and denominations of the bills, that they were not the "fruits" of a drug transaction, but instead were bills in good condition, such as one would expect to receive from a bank when cashing a check. The claimant argued further that, because the Commonwealth placed this money into an interest-bearing escrow account at a local bank, the actual physical evidence was not available for the instant forfeiture proceeding and she was not able to establish her lawful claim to the cash. Accordingly, claimant contends that the Commonwealth's failure to preserve this evidence not only prevented her from establishing her case, but likewise constituted a violation of section 6801(d) of the Forfeitures Act.

We agree. Title 42, Pennsylvania Consolidated Statutes §6801(d) (1991), states in pertinent part:

"When property is seized under this chapter, the law enforcement authority *shall place the property under seal* and either:

"(1) remove the property to a place designated by it; or

"(2) require that the district attorney or attorney general take custody of the property and remove it to an appropriate location for disposition in accordance with law."

We are of the opinion that the Commonwealth's failure to place the $499 cash "under seal" and, instead, placing it into an interest-bearing account at a bank, resulting in its being commingled with other funds and no longer being physically identifiable, violates not only the letter, but also the spirit and intent of section 6801(d) as enacted by our Pennsylvania Legislature.

The $499 cash was never placed "under seal" by either the police or the District Attorney's Office. Rather, the Commonwealth could only establish that the funds had been placed into an evidence locker by the police at Reading City Hall for an unidentified period of time prior to its being turned over to the district attorney. We cannot conceive how this procedure could be in compliance with the specific, "mandatory" language of section 6801(d), which clearly states that the property *"shall"* be placed under seal. Certainly, there is a clear purpose for the Pennsylvania Legislature's decision to use the word "shall" and that purpose is to keep such seized property "segregated" from other seized property (in this case, other cash) until an order of court has been entered declaring such property to be forfeited to the Commonwealth.

The error is all the more egregious in this case, because the claimant's case was predicated upon the denomination and condition of the bills seized. There was no way that she could establish her case without their actually being physically present in court during the forfeiture proceeding.

Furthermore, the arresting officers turned the funds over to the Office of the District Attorney of Berks County which, as part of its "standard" procedure, placed it into an interest-bearing escrow account at a local bank, thereby "commingling" the cash with other funds in the account. We note that, under section 6801(d)(2), when funds are turned over to the district attorney, the district attorney is charged with the responsibility to *"remove it to an appropriate location for disposition* in accordance with the law."* (emphasis supplied)

In the opinion of this court, the placing of this cash into an interest-bearing escrow account in which it became commingled with other funds does not constitute "removal to an appropriate location." The cash should have been placed "under seal," "segregated" from other like physical evidence and placed in a location where it could not be commingled with other funds in the account. The importance of following this procedure in all cases, and particularly in a case such as this, where the physical evidence is itself in issue, cannot be any clearer. We therefore reject the Commonwealth's argument, made at the forfeiture hearing and also in its petition for reconsideration, that this money had no evidentiary value and therefore need not have been available at the time of the instant forfeiture proceeding.

As a result, inasmuch as the Commonwealth did not (1) place the property *"under seal"* and (2) remove it to an "appropriate location" for disposition in accordance with the law, we are of the opinion that we did not err in concluding that the Commonwealth's procedure is in violation of 42 Pa.C.S. §6801(d).

Next, the Commonwealth contends that we erred in ordering the payment of the seized cash to the claimant

as a result of the Commonwealth's failure to comply with section 6801(d). The Commonwealth argues that the claimant should have been required to make an evidentiary showing that she was entitled to the cash before such an order was entered.

It is of course well settled that the Commonwealth has the initial burden of proof to establish by a preponderance of the evidence that the property is either contraband per se or "derivative" contraband. *Commonwealth v. Fassnacht,* 246 Pa. Super. 42, 369 A.2d 800 (1977); *Commonwealth v. Landy,* 240 Pa. Super. 458, 362 A.2d 999 (1976). Once the Commonwealth has produced evidence to support its petition, the burden of proof then shifts to the claimant to show (1) that he or she is the owner of the subject property, (2) that he or she lawfully acquired the property and (3) that he or she did not unlawfully use or possess that property. 42 Pa.C.S. §6801(j) (1991).

The Commonwealth contends, in paragraph 5 of its petition for reconsideration, that the claimant is not entitled to any remedy as a result of the Commonwealth's procedural "error" in this case, unless it could be established that the error resulted in a violation of the claimant's constitutional rights. While we would ordinarily agree with the argument advanced by the Commonwealth, we must, however, respectfully disagree as it applies to the instant case. The Commonwealth's failure to comply with the specific requirements of section 6801(d) constitutes a "defect" in the procedure required to be followed by the Commonwealth, which has resulted in substantial prejudice to the claimant, Iluminada Negron-Rivera.

The claimant could not establish that she was entitled to the return of the cash because of its unavailability at the forfeiture hearing. We are of the opinion that the Commonwealth's procedural error deprived the claimant of her right to establish her entitlement to a return of the $499 cash and, consequently, violated her constitutional right to not have her property taken from her without the opportunity for a full and fair hearing. As a result, we did not err in ordering that the $499 cash be returned to the claimant.

Finally, the Commonwealth contends that we erred in ordering that the interest accumulated on the seized funds should likewise be paid to the claimant. We are of the opinion that our analysis of the Commonwealth's second issue is controlling relative to this issue and we see no need to restate it any further.

Furthermore, we believe that, as a matter of fairness and also of sound public policy, the claimant is entitled to receive any interest accrued, inasmuch as it was the Commonwealth's error that deprived the claimant of her right to present evidence to establish her lawful claim to the $499 cash. For, what the Commonwealth did was "forfeit" this cash to its own use prior to the entry of an order of this court authorizing its forfeiture as a matter of law. We cannot conceive that the Pennsylvania Legislature intended this result when it enacted the Controlled Substance Forfeitures Act.

For this reason, and for all of the foregoing reasons, we hereby reaffirm our order of September 9, 1991, and respectfully urge the Commonwealth Court of Pennsylvania to deny the instant appeal.