J-A24016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LAUREN PATRICIA DALY | |
| APPEAL OF: DONNA HELGENBERG | No. 2644 EDA 2014 |

Appeal from the Order Dated July 30, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0003801-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED DECEMBER 08, 2015**

This is an appeal by Donna Helgenberg, who was a witness in the underlying criminal case against Lauren Daly.  After Daly was convicted of various crimes, Helgenberg filed a motion for the return of certain property that belonged to her that was seized during the criminal investigation of Daly.  The trial court denied the motion without a hearing.  We reverse that order, and we remand this case to the trial court for a hearing on Helgenberg's motion.

In 2013, after years of marital strife, Daly shot her ex-wife, Margaret Grover, who by that point had moved out of the marital home.  Helgenberg, who had moved into the home with Daly, witnessed the shooting.  When the

_____

[*]      Retired Senior Judge assigned to the Superior Court.

police investigated the shooting, they seized two computers that Helgenberg claims are her property.

Helgenberg testified as a witness at Daly's trial. She was never asked about the computers, and the Commonwealth did not present any other evidence relating to the computers. On July 7, 2014, following a jury trial, Daly was convicted, *inter alia*, of attempted murder. On September 8, 2014, the trial court sentenced Daly to twenty to forty years' incarceration.

On July 24, 2014, after Daly was convicted, and before she was sentenced, Helgenberg, through counsel, filed a motion for return of property. Counsel for Helgenberg did not file a praecipe for appearance with the clerk of courts, and counsel filed the motion at Daly's criminal docket instead of on a separate civil docket. Nonetheless, the motion was signed by counsel, and contained counsel's full address. The trial court denied the motion on July 31, 2014, without a hearing. The denial order was not served upon Helgenberg's counsel initially. The order was sent only to the assistant district attorney who prosecuted Daly and to Daly's counsel.

Eventually, however, counsel for Helgenberg received a copy of the order in the mail on August 25, 2014. The copy of the order that was mailed to Helgenberg was not time-stamped by the clerk of courts.[1] On September

---

[1] The original order in the certified record contains a time stamp. We do not know why there copy that was sent to Helgenberg's counsel did not have the same stamp.

16, 2014, Helgenberg filed a notice of appeal, which was within thirty days of her counsel's receipt of the order. On October 21, 2014, the trial court directed Helgenberg to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 5, 2014, Helgenberg timely complied. On December 10, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Helgenberg raises one question for our review: "Whether the trial court committed [an] error of law or abused its discretion in denying witness Donna Helgenberg's motion for return of property?" Brief for Helgenberg at 4. However, before we can consider this question on its merits, we first must determine whether Helgenberg timely filed her notice of appeal, thereby invoking our jurisdiction.

On March 6, 2015, this Court issued a rule to show cause on Helgenberg as to why this appeal should not be quashed as untimely. In the rule, we noted that the order that Helgenberg is appealing was filed on July 30, 2014, but that Helgenberg's notice of appeal was not filed until September 16, 2014, well beyond the thirty-day period for filing an appeal. *See* Pa.R.A.P. 903(a). Helgenberg responded to the rule, and explained that, as detailed above, the order was not served upon her or her counsel at the time of its issuance, and that she did not receive the order until August 25, 2014. Upon receipt of Helgenberg's response, resolution of the issue was deferred until now.

This case is rife with procedural problems that render the question of jurisdiction unclear, at best. For instance, the Commonwealth correctly asserts that counsel for Helgenberg never filed a praecipe for appearance with the clerk of courts, nor did counsel file the motion on the civil docket. According to the Commonwealth, these procedural missteps should bar Helgenberg from complaining that she did not receive the order in a timely fashion. We are not so convinced.

Counsel should have entered his appearance on Helgenberg's behalf. *See* Pa.R.Crim.P. 120(a)(1) ("Counsel for defendant shall file an entry of appearance with the clerk of courts promptly after being retained, and serve a copy of the entry of appearance on the attorney for the Commonwealth.").[2] However, the fact that he did not does not, *ipso facto*, mean that Helgenberg is not entitled to notice of the denial of her motion.

Both the trial court and the Commonwealth maintain that Helgenberg incorrectly filed the motion on Daly's criminal docket, instead of on a separate civil docket. It is true, we have held, that return of property actions are civil in nature, but are also quasi-criminal in character. *See*

---

[2] Although there is no question that counsel should have filed a praecipe for appearance, it is not so clear that Rule 120 is the applicable rule. The rule applies to counsel for the defendant. In this case, Daly was the defendant, not Helgenberg. Regardless, to facilitate the court system, to best represent clients, and to avoid situations like the one at hand, the best practice is for counsel always to enter an appearance on behalf of whomever counsel is representing.

*Commonwealth v. Landy*, 362 A.2d 999, 1005 (Pa. Super. 1976). Further complicating the matter is the fact that the actions are governed by the rules of criminal procedure, not by the rules of civil procedure. *See* Pa.R.Crim.P. 588(A). Hence, although we agree with the Commonwealth that Helgenberg **should** have filed her motion in a separate civil docket, it does not follow that, by mistakenly filing the motion under the relevant criminal docket, she is not entitled to notice of the denial of her motion. This is particularly true because the trial court accepted service of the motion, ruled upon the motion, and then filed an order with the clerk of courts. Our decision may have been different had the court rejected the motion. But, the court did not, and cannot now declare that Helgenberg was not entitled to notice of the court's decision.

Pursuant to Pa.R.Crim.P. 114, when a trial court issues an order, the order shall be transmitted to the clerk of courts for filing. Pa.R.Crim.P. 114(A)(1). Here, the trial court appears to have delivered the order to the clerk of courts for filing. More importantly, pursuant to subsection (B)(1), "[a] copy of any order or court notice promptly shall be served on each party's attorney." Pa.R.Crim.P. 114(B)(1). That undeniably did not occur in this case. As noted, the Commonwealth maintains that it was Helgenberg's fault that this did not occur because counsel for Helgenberg did not file a praecipe for appearance. However, counsel's name and address is printed on the first page of the motion, at the top and in bold font. The clerk of courts nonetheless did not send a copy to counsel.

Both counsel for Helgenberg and the court system could have taken different actions that would have facilitated the timely filing of a notice of appeal. However, the fault ultimately must lie with the court. The trial court accepted Helgenberg's motion. The court did not reject it for being filed on the wrong docket, nor did the court reject it because it was filed by an attorney who had not entered his appearance. The court then ruled on the merits of the motion, and transmitted an order denying the motion to the clerk of courts. Despite counsel's contact information being prominently displayed on the motion, the clerk of courts did not send counsel a copy of the order, in violation of Rule 114(B)(1). Under these unique circumstances, there was a clear breakdown in the court system that prevented Helgenberg from filing a timely notice of appeal. *See Commonwealth v. Patterson,* 940 A.2d 493, 498-99 (Pa. Super. 2007) ("Generally, an appellate court cannot extend the time for filing an appeal. Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court.") (citations omitted); *Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. 1995) ("It is well-established that the extension of the filing period or the allowance of an appeal *nunc pro tunc* will be permitted only in extraordinary circumstances, namely, fraud or some breakdown in the process of the court."). Consequently, we deem Helgenberg's notice of appeal to be timely, and we have jurisdiction to resolve Helgenberg's appeal.

We now turn to the question of whether the trial court correctly denied Helgenberg's motion for return of property. As noted earlier, such motions are governed by Pa.R.Crim.P. 588, which provides, in relevant part, as follows:

> (A)  A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B)  The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588 (A)-(B).

Helgenberg clearly is a person "aggrieved by a search and seizure," because the police seized two of her computers during their investigation of Daly. The question is whether Helgenberg is "entitled to lawful possession" of those computers. *Id.* The trial court, *inter alia*, held that Helgenberg's motion was premature. **See** Trial Court Opinion, 12/10/2014, at 2. The trial court explained that it would be premature to return Helgenberg's items because Daly's post-sentence proceedings, including a possible direct appeal and a petition for collateral review, were ongoing, and would be for the foreseeable future. **Id.**

- 7 -

The trial court erred by reaching its conclusion without first holding an evidentiary hearing.  Pursuant to subsection (B) of Rule 588, the court "shall receive evidence on any issue of fact necessary to the decision." Pa.R.Crim.P. 588(B).  At trial, according to the limited record before us and the briefs of the parties, the Commonwealth made no use of the computers.  The Commonwealth did not introduce them, or any evidence derived from them, in its case against Daly.  Moreover, no party questioned Helgenberg about the computers, or the contents contained on the drives of the computers, when she testified at trial.  There clearly is an issue of fact that needs to be resolved, namely whether the computers had any evidentiary value to the Commonwealth at all, and, if not, whether Helgenberg was entitled to lawful possession of them.  Rule 588 contains a mandatory prescription.  If there is a question of fact, the trial court "shall" hold a hearing.  The trial court did not do so in this case.  Consequently, we must vacate the court's order denying Helgenberg's motion for return of property, and we remand the case for an evidentiary hearing pursuant to Pa.R.Crim.P. 588.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2015