J-S21032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: STEVEN WHITERS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| APPEAL OF: STEVEN WHITERS, | |
| | No. 1754 EDA 2014 |

Appeal from the Order May 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-MD-0012916-2011

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　　**FILED FEBRUARY 17, 2016**

Appellant Steven Whiters appeals from the order entered in the Court of Common Pleas of Philadelphia County, which validated a settlement agreement in response to Appellant's motion for the return of property. We affirm.

The relevant facts and procedural history are as follows: Appellant, his wife (Cassandra Wise), and their three adult sons (Lennard, Ramon, and Michael Whiters) lived in a large home at 5864 Woodbine Avenue in Philadelphia. On January 5, 2010, police officers went to the house with an arrest warrant for Lennard, and in searching the house for him, the police discovered nine live marijuana plants, as well as high intensity heat lamps and video recording equipment, in the basement.

The police secured a search warrant for the premises, and upon execution of the search warrant, the police seized eight firearms from the

---

*Former Justice specially assigned to the Superior Court.

locked closet in Appellant's and his wife's bedroom. The police found no other contraband in the couple's bedroom.

The police arrested and filed various charges against Appellant, his wife, and their three sons. On December 12, 2011, Appellant filed a counseled petition seeking the return of his property, *i.e.*, the firearms, and the petition was held pending trial.

On July 16, 2013, Appellant, his wife, and their three sons proceeded to a bench trial, and they were acquitted of all charges. On May 1, 2014, the trial court approved a settlement agreement between Appellant, who was represented by counsel, and the Commonwealth, which provided in relevant part the following:

> [I]t is hereby ORDERED AND DECREED that the firearms listed on [the relevant] property receipts . . . be liquidated.[1]
> The above firearms, along with any ammunition, are to be turned over to Locks' Gun Exchange for liquidation, which is located at 6700 Rowland Avenue, Philadelphia, Pennsylvania. **The guns are to be released only to John Locks, agent of Locks' Gun Exchange**. Said firearm and ammunition may not be sold, assigned, optioned, given, bequeathed or transferred in any manner to [Appellant], Cassandra Wise, Robert Snead or anyone acting on her behalf. The net proceeds of the sale of the above firearm[s] are to be turned over to [Appellant]. Locks' may contact the District Attorney's Office to receive authorization to sell firearms to a particular individual. The individual may or may not receive approval to purchase the firearms. Verification of said transaction will be done by the District Attorney's Office.
> If it is found that any of the individuals listed above or a party acting on their behalf purchase or attempt to purchase the firearms covered by this Order, this agreement is null and void. All firearms will then be relinquished to the Commonwealth for destruction. Any cost incurred by the Commonwealth and/or Locks Gun Exchange will be the responsibility of [Appellant].

--------------------------------------------------------------------------
[1] [Appellant] opposes liquidation, however in light of the fact that the Court ordered the same he is agreeable to the above arrangement so that he may recoup the monetary value of the firearms.
--------------------------------------------------------------------------

Trial Court Order, filed 5/1/14, at 1-2 (emphasis and footnote in original).

Appellant filed a timely, counseled notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

Appellant contends the trial court erred in ordering that Appellant's firearms be liquidated. More specifically, he alleges the following:

Instantly, [A]ppellant first contends that the firearms in controversy are not contraband *per se*, such that there [*sic*] mere possession is unlawful. Second[ ], he personally[ ] is not prohibited from possessing firearms[.] Third, [A]ppellant contends that in spite of the fact that he resides with his wife. . . who is prohibited from possessing firearms **he should not be precluded as a member of the prohibited person's household from** meeting the burden of proof necessary for return of his firearms that were seized from their residence. Appellant[,] who belongs to a gun club and possessed the subject firearms as family heirlooms[,] is a marksman that secured the firearms in gun cases under lock in the closet of their marital bedroom. Appellant should be allowed to recover the firearms and store them some place other than where the prohibited person resides.

Appellant's Brief at 11 (citation to transcript omitted) (bold in original).

Initially, we note that Appellant's argument (that for various reasons the trial court should have ruled he be allowed to recover the firearms and store them some place other than where his wife resides) overlooks the fact that he entered into a court-approved settlement agreement with the Commonwealth whereby he agreed to relinquish the firearms for liquidation

purposes and, in exchange, the Commonwealth agreed to turn over to Appellant the net proceeds of the sale.

We have held that return of property actions are civil in nature, but are also quasi-criminal in character. **See Commonwealth v. Landy**, 362 A.2d 999 (Pa.Super. 1976). Principles of contract law ordinarily govern the enforceability of settlement agreements. **Mazzella v. Koken**, 559 Pa. 216, 739 A.2d 531 (1999). Contract interpretation is a question of law and, thus, our standard of review is *de novo*. **Ruby v. Abington Memorial Hosp.**, 50 A.3d 128, 132 (Pa.Super. 2012).

"Where a settlement agreement contains all of the requisites of a valid contract, a court must enforce the terms of the agreement." **Mastrioni– Mucker v. Allstate Ins. Co.**, 976 A.2d 510, 518 (Pa.Super. 2007) (citation omitted). "Under ordinary contract law, contracts are enforceable when parties reach [a] mutual agreement, exchange consideration[,] and have set forth terms of their bargain with sufficient clarity." **Biddle v. Johnsonbaugh**, 664 A.2d 159, 163 (Pa.Super. 1995) (citation omitted). A binding agreement exists where all parties come to a "meeting of the minds" on all essential terms of the agreement. **Mastrioni–Mucker**, 976 A.2d at 518. Judicial policy favors the settlement of law suits and in the absence of fraud and mistake the courts will enforce an agreement to settle a legal dispute. **See id.**

Here, as indicated *supra*, Appellant entered into a settlement agreement. In examining its plain terms, contrary to Appellant's current appellate argument, there is no indication the parties intended for Appellant to retain and store the firearms some place other than where his wife resides. Thus, we find no merit to Appellant's first argument.

This does not end our inquiry, however, as Appellant alternatively argues that the footnote in the alleged settlement agreement reveals there was no "meeting of the minds" on an essential element, *i.e.*, liquidation of the firearms, and therefore, the alleged settlement agreement is not a valid contract.

As indicated *supra*, the settlement agreement contains the following footnote: "[Appellant] opposes liquidation, however in light of the fact that the Court ordered the same he is agreeable to the above arrangement so that he may recoup the monetary value of the firearms." Trial Court Order, filed 5/1/14, at 1 n.1.

In examining the settlement agreement, including the subject footnote, the trial court concluded there was a "meeting of the minds" so as to form a legally binding contract requiring enforcement of its terms, including liquidation of the firearms. As the trial court noted:

Nothing in the [footnote] states that trickery or chicanery was involved in resolving the issues between the parties. Nothing is raised regarding the voluntariness of the agreement and it is also presumed that everyone entered into the agreement knowingly. While [Appellant] may have opposed liquidation or

forfeiture, he agreed to this disposition and as such was bound by the terms entered into by his attorney.

Trial Court Opinion, filed 2/27/15, at 3.

While Appellant may have been unhappy with the sale of his firearms, the totality of the settlement agreement reveals he understood that liquidation was going to occur and he was "agreeable." Thus, we conclude there was a "meeting of the minds," whereby both parties mutually assented to the same thing, *i.e.*, liquidation of the firearms, and Appellant is bound by the terms of the settlement agreement. ***See Prieto Corp. v. Gambone Const. Co.***, 100 A.3d 602 (Pa.Super. 2014) (explaining the "meeting of the minds" necessary for a valid contract).

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016